UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DENNIS L.,

           Plaintiff,

    v.

COMMISIONER OF SOCIAL SECURITY,

           Defendant.

Case No. C20-5170-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in evaluating four medical opinions and erred by discounting his testimony and a similar lay witness statement. (Dkt. # 9.) Plaintiff also contends the ALJ was not constitutionally appointed when she issued a previous decision in his case. (*Id.*) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II. BACKGROUND

Plaintiff was born in 1959 and has worked as a repairer for mines and quarries. AR at 55, 516. Plaintiff was last gainfully employed in 2006. *Id.* at 139. Plaintiff applied for benefits in June 2015, alleging disability as of September 2, 2011. *Id.* at 55. Plaintiff's application was

ORDER - 1

denied initially and on reconsideration. The ALJ held a hearing in December 2016, taking testimony from Plaintiff and a vocational expert. In March 2017, the ALJ issued a decision finding Plaintiff had no severe impairment. *Id.* at 22-29. Plaintiff appealed to this court, which reversed the ALJ's decision and remanded for consideration of whether volvulus was a severe impairment. *Id.* at 576-85. On remand, the ALJ conducted a hearing in September 2019, taking testimony from Plaintiff and medical expert Michael Buckwalter, M.D. *Id.* at 523-46. In October 2019, the ALJ issued a decision finding Plaintiff not disabled from his September 2011 alleged onset date through his December 2012 date last insured. *Id.* at 509-17.

In relevant part, the ALJ found Plaintiff's intermittent volvulus was a severe impairment that limited him to medium work. AR at 511, 512. With that assessment, the ALJ found Plaintiff was able to perform his past relevant work as a repairer for mines and quarries *Id.* at 516. Plaintiff appealed this final decision of the Commissioner to this Court. (Dkt. # 1.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th

Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.   DISCUSSION

### A.   The ALJ Did Not Err by Discounting Plaintiff's Testimony

At the December 2016 hearing, Plaintiff testified that during the relevant period he had unbearable stomach pain every two weeks. AR at 43. When the pain began, he would take laxatives, which would relieve the pain after about three days. *Id.* at 43, 46.

The ALJ could only discount Plaintiff's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ discounted Plaintiff's testimony as inconsistent with his minimal treatment. AR at 513. Plaintiff sought medical care only twice during the approximately 16-month relevant period, in a September 2011 emergency room visit and a December 2011 visit to his primary care provider, Thomas Cooke, D.O. *Id*. In the September 2011 emergency room visit, Plaintiff reported he "only occasionally gets crampy abdominal pain" and the care provider observed he "intermittently looked uncomfortable." AR at 216, 224. In the December 2011 visit, only hypertension and hyperlipidemia were assessed, with no mention of any stomach issues. *Id.* at 270. The record reveals no other medical care until Plaintiff saw Dr. Cooke in March 2013, after the date last insured, when again no stomach issues were mentioned. *Id.* at 269.

An "unexplained or inadequately explained failure" to seek treatment or follow prescribed treatment can be a valid reason to discount a claimant's testimony, but an ALJ must consider a claimant's proffered reasons. *Trevizo*, 871 F.3d at 679-80. Plaintiff testified he did not seek further care because he did not have health insurance. AR at 43. The ALJ addressed this reason, finding it unreasonable Plaintiff would not seek more care if he were experiencing debilitating symptoms so frequently. *Id.* at 514. Plaintiff argues he "could not afford the type of ongoing care the ALJ is criticizing him for failing to seek." (Dkt. # 9 at 12.) But Plaintiff proffered no reason why he failed to even mention any stomach issues at all during the office visit he did have, in December 2011. The visit addressed hypertension and hyperlipidemia, and nothing in the record suggests Plaintiff would have had to pay more to discuss a stomach condition too. Plaintiff offers no explanation for remaining silent about a condition that Plaintiff contends caused unbearable pain every two weeks and was so severe it rendered him disabled. Failure to seek treatment was a clear and convincing reason to discount Plaintiff's testimony.

The Court need not address the ALJ's remaining reasons, as inclusion of any erroneous reasons would be harmless error. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (inclusion of erroneous reasons to discount claimant's testimony was harmless because "remaining valid reasons supporting the ALJ's determination are not 'relatively minor'"). The Court concludes the ALJ did not err by discounting Plaintiff's testimony.

**B. The ALJ Did Not Err in Evaluating the Medical Opinion Testimony**

A treating doctor's opinion is generally entitled to greater weight than an examining doctor's opinion, and an examining doctor's opinion is entitled to greater weight than a non-examining doctor's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ

ORDER - 4

may only reject the contradicted opinion of a treating doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

> 1. *The ALJ Did Not Err by Discounting the Opinions of Treating Physician Dr. Cooke*

Dr. Cooke stated Plaintiff had "multiple episodes of pain and cramping" for three years starting in 2011, and concluded he "had a volvulus that was intermittently catching and causing severe pain and then constipation and would then slowly resolve. That would have made it impossible to work on a regular basis...." AR at 267; *see also id.* at 273, 505.

The ALJ gave Dr. Cooke's opinions "limited weight" because they were unsupported by and inconsistent with objective medical evidence during the relevant period, and because Dr. Cooke opined no specific functional limitations or the frequency of the episodes. AR at 515. Plaintiff argues the ALJ did not identify a specific inconsistency. The Court reviews the ALJ's decision as a whole and will not reverse simply because the decision is explained with "less than ideal clarity," as long as the ALJ's reasoning may be discerned. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). In the ALJ's decision, the ALJ discussed Dr. Cooke's treatment records and noted the absence of any mention of abdominal pain in December 2011 or in March 2013, a few months after the relevant period. AR at 513. The complete absence of any evidence to support Dr. Cooke's opinion of "multiple episodes" of severe pain was a specific and legitimate reason to discount the opinion. Incongruity between a treating physician's opinions and her own medical records is a "specific and legitimate reason for rejecting" the opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

> 2. *The ALJ Did Not Err by Discounting the Opinions of Treating Physician Emery Chang, M.D.*

In April 2015, Dr. Chang wrote "Patient has had bowel issues since 2011." AR at 272. The ALJ gave this opinion little weight because it identified no limitations. *Id.* at 515. Plaintiff

ORDER - 5

argues the opinion is "consistent with" his testimony. Dkt. # 9 at 8. There is no dispute Plaintiff has had bowel issues since 2011. The ALJ did not err by declining to include any limitations in the RFC based on this statement.

        3.     *The ALJ Did Not Err by Accepting the Opinions of Non-examining Physician Greg Saue, M.D.*

Plaintiff contends the ALJ erred by giving significant weight to Dr. Saue's opinions, because Dr. Saue did not review all of the medical evidence. (Dkt. # 9 at 8.) First, Plaintiff offers no case law or other support for the proposition that medical sources' opinions must be given limited weight unless they reviewed the full record. Second, there is no evidence Dr. Saue's opinions would have changed based on later evidence. Plaintiff's argument is particularly flawed in this case, where the entire relevant period elapsed before Dr. Saue gave his opinions. *See* AR at 64. Finally, an ALJ is always permitted to accept a medical opinion and need not even provide reasons. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ must provide reasons for rejecting a medical opinion, but not for accepting and interpreting one). The Court concludes the ALJ did not err by accepting Dr. Saue's opinions.

        4.     *The ALJ Did Not Err in Evaluating the Opinions of Non-examining Physician Dr. Buckwalter*

At the September 2019 hearing, Dr. Buckwalter testified Plaintiff could perform light work because it was reasonable to presume "he would have persistent abdominal pain that may flare up, and would cause pain with exertion." AR at 531. However, Dr. Buckwalter also testified there was no actual evidence in the record Plaintiff could not have performed medium work, and that he would have expected Plaintiff to seek more care if he had experienced ongoing pain. *Id.* at 533.

The ALJ interpreted Dr. Buckwalter's testimony to mean "when claimant's volvulus was active, the pain would have limited him to light work. … When the volvulus was not active, …

ORDER - 6

1   the claimant was capable of performing work at the medium exertional level…." AR at 514. The
2   ALJ gave this opinion "great weight" as consistent with and supported by the overall record. *Id.*
3   at 514-15.

4   Plaintiff notes, "at the hearing, the ALJ discovered that Dr. Buckwalter was Board-
5   certified in family medicine, and stated she 'had requested a gastroenterologist be assigned to
6   this proceeding.'" (Dkt. #9 at 8 (quoting AR at 528) *see also* Dkt. #11 at 2 ("The Commissioner
7   does not deny that Dr. Buckwalter is not a gastroenterologist.").) But Plaintiff makes no
8   argument as to why this matters to the ALJ's evaluation of Dr. Buckwalter's opinions.  If
9   Plaintiff's statement was intended as an argument that the ALJ erred, his argument fails. A claim
10  barely contended, unsupported by explanation or authority, may be deemed waived. *See NW*
11  *Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 923-24 (9th Cir. 1996) (party who
12  presents no explanation in support of claim of error waives issue). Plaintiff has waived any claim
13  based on Dr. Buckwalter's specialty.

14  Plaintiff contends the ALJ erred by "assuming that Dr. Buckwalter should base his
15  testimony solely on the objective evidence from the time period prior to December 31, 2012"
16  when Dr. Buckwalter should have considered "all of the evidence of record…." (Dkt. #11 at 3
17  (quoting SSR 18-1p).) Dr. Buckwalter reviewed all the medical evidence, including Plaintiff's
18  self-reports as documented in treatment notes. AR at 529. Dr. Buckwalter testified that, not only
19  was there no objective evidence, there was no evidence at all to support a "speculation" that
20  exertion exacerbated symptoms. *Id.* at 535.

21  Plaintiff argues Dr. Buckwalter's testimony is "consistent with Dr. Cooke's opinion that
22  [Plaintiff] would have to miss work during symptom exacerbations." (Dkt. # 9 at 10.) Even
23  assuming Dr. Cooke's opinions could be interpreted that way, Dr. Buckwalter specifically

ORDER - 7

testified Plaintiff's condition would not have "caused a need for any absences from work…." AR at 532. Plaintiff has shown no error in the ALJ's evaluation of Dr. Buckwalter's opinions.

### C. The ALJ Did Not Err by Discounting the Lay Witness Statement

Plaintiff's friend submitted a letter in December 2016 stating she observed Plaintiff in great pain, three days at a time, two or three times a month in 2011 and 2012. AR at 209. An ALJ may discount lay witness testimony by giving a germane reason. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). The ALJ gave the lay witness statement "limited weight" because it was inconsistent with and unsupported by the overall record. AR at 516. Plaintiff argues the ALJ did not "cite any specific evidence that is inconsistent" with the lay witness statement. (Dkt. # 9 at 15.) However, the Court reviews the ALJ's decision as a whole, and the ALJ repeatedly identified the medical evidence during the relevant period showing Plaintiff did not even mention stomach pain to his primary care physician. This was a germane reason to discount the lay witness statement. If any of the ALJ's remaining reasons were erroneous, the error was harmless. *See Molina*, 674 F.3d at 1115. The Court concludes the ALJ did not err by discounting the lay witness statement.

### D. The Appointments Clause Does Not Require Reversal of the ALJ's Decision

There is no dispute the ALJ was properly appointed during the September 2019 hearing and when the October 2019 decision was issued. However, relying on *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018), Plaintiff contends the ALJ was not properly appointed at the time of the December 2016 hearing and the March 2017 decision. (Dkt. # 9 at 18.) The Court notes that, although *Lucia* was decided in 2018, Plaintiff failed to raise the issue before, during, or after the 2019 hearing, the 2019 decision, or before the Appeals Council. Plaintiff asks the Court to find a violation of

ORDER - 8

*Lucia* only "[i]f the Court does not reverse the ALJ's decision based upon [his] other arguments." (Dkt. # 9 at 18.)

In *Lucia* the remedy for an Appointments Clause violation was a rehearing by a new ALJ. 138 S. Ct. at 2055. Plaintiff argues that because his 2019 hearing and decision were before the same ALJ, the decision must be vacated and his case must be remanded for rehearing before a different ALJ. The Supreme Court, however, "d[id] not hold that a new officer is required for every Appointments Clause violation." *Lucia*, 138 S. Ct. at 2055 n.5. The ALJ in *Lucia* "ha[d] already both heard Lucia's case and issued an initial decision on the merits. He c[ould] not be expected to consider the matter as though he had not adjudicated it before." *Id.* at 2055. On remand, the ALJ would have been facing the same case in the same procedural posture, and would have had little reason to view it anew. The situation here differs. While the ALJ had adjudicated the case before, her first decision was reversed by this court. The ALJ in 2019 was not facing the same case in the same circumstances. Any ALJ who heard the case would be required to adjudicate it in light of the court's order. The situation here differs from *Lucia* because the ALJ was not simply repeating the same decision-making process she had already performed. The Court concludes *Lucia* does not invalidate the ALJ's 2019 decision.

## V.   CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 28th day of October, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge